**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Gloria Theresa COWAN, Defendant.**

**Misc. No. 4348.**

United States District Court,
C. D. California.

Aug. 28, 1974.

William D. Keller, U. S. Atty. by Mike Mayock, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Ellison, Weitzman, Litwack & Chier, Beverly Hills, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW RE GRAND JURY PROCEEDINGS

HAUK, District Judge.

The Plaintiff, United States of America, represented by Assistant United States Attorney W. Michael Mayock, and defendant Gloria Theresa Cowan, represented by Richard C. Chier, Esq., having appeared before the Court on August 9, 1974 and having argued defendant's motion for the transcription of Grand Jury minutes, the production of percipient witnesses and the exclusion of hearsay and illegally obtained evidence, and upon hearing such argument, reading the pleadings and reviewing the pertinent authority, this Court makes the following findings of fact and conclusions of law:

1. The United States Attorney or his duly authorized Assistant agrees to give reasonable advance notice to defendant's counsel, Richard C. Chier, Ellison, Weitzman, Litwack and Chier, 356 North Camden Drive, Beverly Hills, California 90210, 278–9595 or 878–2111, of any presentation to said Grand Jury of evidence relating to defendant Gloria Theresa Cowan;

2. Upon demand of defendant's counsel and at defendant's expense, the Government agrees to supply a duly authorized Certified Shorthand Reporter and permit such Reporter to record all testimony presented to the Grand Jury in connection with any investigation of Gloria Theresa Cowan;

3. The Government in presenting, should it so choose, said case to the Grand Jury need not produce all available percipient witnesses to any act, omission or transaction alleged to be criminal on the part of Gloria Theresa Cowan (Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956));

4. The Government in presenting, should it so choose, said case to the Grand Jury may offer hearsay testimony as well as evidence which may have been seized, obtained or held in violation of the federal constitutional rights of Gloria Theresa Cowan (Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974));

5. The proper time, if any, for the defendant Gloria Theresa Cowan to lodge an attack on Grand Jury proceedings is after an indictment is returned against her since any attack prior to that time is speculative (See F.R.Cr.P. 6 and 12; cf. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974)).

6. The foregoing Findings of Fact, insofar as they may be concluded to be Conclusions of Law, are so found by this Court to be true in all respects. Likewise, the foregoing Conclusions of Law, insofar as they may be concluded to be Findings of Fact, are so found by this Court to be true in all respects.

7. Let the appropriate judgment and order therefore be made and entered.

8. The Clerk is directed to serve by mail copies of the foregoing upon all parties and counsel in this matter.